# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BRENT MEASON, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-21-50-F |
| ROBERT EARL SEELY; AIM TRANSPORTATION SERVICES, L.L.C.; TIMMATHY SHAWN MILLER; TYLER JOSEPH MANUEL; and METRO COURIER, INC., | ) |
| Defendants. | ) |

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that plaintiff is a "resident" of Helotes, Bexar County, Texas. Doc. no. 1, ¶ 1. It also alleges that defendant, Robert Earl Seely, is a "resident" of Locust Folk, Blount County, Alabama; defendant, Timmathy Shawn Miller, is a "resident" of Wichita, Sedgwick County, Kansas; and defendant, Tyler Joseph Manuel, is a "resident" of Aurora, Colorado. Id., ¶¶ 2, 4 and 5. Residence,

however, is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is a citizen of the state in which he is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). The complaint must allege the state where plaintiff and each of the individual defendants are citizens. This allegation with respect to the individual defendants may be based upon plaintiff's information and belief.

The complaint alleges that defendant, AIM Transportation Services, L.L.C., is "an interstate trucking company incorporated in the State of Iowa and with a principal place of business in Waterloo, Iowa." Doc. no. 1, ¶ 3. The "L.L.C." designation indicates defendant is a limited liability company, rather than a corporation. The citizenship of limited liability company is determined by the citizenship of all of its members. Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). Therefore, the complaint must identify each of defendant's members and the state of citizenship for each of those members.[1]

Accordingly, the court **DIRECTS** plaintiff, Michael Brent Meason, the party invoking diversity jurisdiction, to file an amended complaint which supplies the

---

[1] If a member of defendant is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of defendant is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. See generally, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020). Further, plaintiff must trace the citizenship of defendant's members through "however many layers [] there may be." See, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011). Plaintiff may provide the jurisdictional information based upon information and belief.

missing jurisdictional information regarding plaintiff, the individual defendants and defendant, AIM Transportation Services, L.L.C.[2]  The amended complaint shall be filed no later than fourteen days from the date of this order.  If plaintiff is unable to identify each of defendant, AIM Transportation Services, L.L.C.'s members and the state of citizenship for each of those members, plaintiff **SHALL** file a short notice so stating, in which case plaintiff **MUST** bring this issue to the court's attention at the status and scheduling conference.

Failure to comply with the court's directive may result in an order which is just, including dismissal of this action without prejudice.

IT IS SO ORDERED this 22nd day of January, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0050p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.