IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MICHAEL BRENT MEASON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-50-F |
| | ) | |
| 2. ROBERT EARL SEELY; | ) | |
| 3. AIM TRANSPORTATION | ) | |
| SERVICES, L.L.C.; | ) | |
| 4. TIMMATHY SHAWN MILLER; | ) | |
| 5. TYLER JOSEPH MANUEL; | ) | |
| 6. METRO COURIER, INC.; and | ) | |
| 7. RYDER TRUCK RENTAL, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Michael Brent Meason ("Mr. Meason"), and files this Second Amended Complaint. Mr. Meason states his causes of action against the Defendants, as follows:

**Parties**

1. Plaintiff, Michael Brent Meason ("Mr. Meason"), is a citizen of the State of Texas domiciled in Helotes, Bexar County, Texas.

2. Defendant, Robert Earl Seely ("Defendant Seely"), is a citizen of the State of Alabama domiciled in Locust Folk, Blount County, Alabama. At the time of the subject collision, Defendant Seely was conducting business on behalf of, or as an employee of, or otherwise for the mutual benefit of himself and Defendant, AIM Transportation Services, L.L.C. As the "driver" of a "commercial motor vehicle," as those terms are defined in the United States Department of

1

Transportation Federal Motor Carrier Safety Regulations, Defendant Seely was subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

3. Defendant, AIM Transportation Services, L.L.C. ("Defendant AIM"), is a citizen of the State of Iowa. AIM is an interstate trucking company incorporated in the State of Iowa and with a principal place of business in Waterloo, Iowa. The blanket service company for Defendant AIM is #1 A+ Agents of Process, Inc. The Oklahoma Process Agent for Defendant AIM is CTC, Inc/Kelly Coxx, in Oklahoma City, Oklahoma.

4. According to AIM's 2019 Biennial Report filed with the Iowa Secretary of State on February 25, 2019, AIM is a single member limited liability company: Fadil Muharemovic. Mr. Muharemovic is a citizen of the State of Iowa domiciled in Waterloo, Iowa.

5. Defendant, Timmathy Shawn Miller ("Defendant Miller"), is a citizen of the State of Kansas domiciled in Wichita, Sedgwick County, Kansas. At the time of the subject collision, Defendant Miller was conducting business on behalf of, or as an employee of, or otherwise for the mutual benefit of himself and Defendant Metro Courier, Inc. As the "driver" of a "commercial motor vehicle," as those terms are defined in the United States Department of Transportation Federal Motor Carrier Safety Regulations, Defendant Miller was subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

6. Defendant, Tyler Joseph Manuel ("Defendant Manuel"), is a citizen of the State of Colorado domiciled in Aurora, Colorado. At the time of the subject collision, Defendant Manuel was conducting business on behalf of, or as an employee of,

2

or otherwise for the mutual benefit of himself and Defendant Metro Courier, Inc. As the "driver" of a "commercial motor vehicle," as those terms are defined in the United States Department of Transportation Federal Motor Carrier Safety Regulations, Defendant Manuel was subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq*.

7. Defendant, Metro Courier, Inc. ("Defendant Metro Courier"), is a citizen of the State of Kansas.  Metro Courier is an interstate trucking company incorporated in the State of Kansas and with a principal place of business in Wichita, Kansas. The blanket service company for Defendant Metro Courier is Dotprocessagents.com LLC. The Oklahoma Process Agent for Defendant Metro Courier is Dotprocessagents.com LLC, in Norman, OK.

8. Upon information and belief, Defendant, Ryder Truck Rental, Inc., ("Defendant Ryder") is a citizen of the State of Florida. It is a national freight company that is incorporated in the State of Delaware with its principal place of business in the State of Florida.

## Jurisdiction

9. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is diversity of citizenship among the parties, and the amount in controversy exceeds the sum of $75,000.00.

## Venue

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1319(a) because the collision and a substantial part of the events giving rise to the claim occurred in or near Stillwater, Payne County, Oklahoma.

## Background Facts

11. According to the Official Oklahoma Traffic Collision report, on February 27, 2019, Mr. Meason was driving northbound on Interstate 35 approaching mile maker 165, when his truck hit a patch of black ice on a highway bridge. Mr. Meason's truck slid, but he was able to control his truck and moved it off onto the east shoulder of the highway.  Defendants Seely, Miller, and Manuel were also driving northbound on Interstate 35.

12. Defendant Miller informed the investigating Oklahoma Highway Patrol Officer that Defendant Seely entered his lane causing a collision between Defendant Miller and Defendant Seely.

13. Similarly, Defendant Manuel informed the investigating Oklahoma Highway Patrol Officer that Defendant Seely struck his vehicle.

14. After Defendant Seely struck Defendant Manuel's vehicle, Defendant Manuel's vehicle departed the roadway to the right where it struck Mr. Meason's vehicle.

15. The collision between Defendant Manuel's vehicle and Mr. Meason's vehicle forced Mr. Meason's vehicle into the lane of traffic where Mr. Meason then struck Mr. Miller's vehicle.

**Negligence  and Negligence Per Se of Defendants Seely, Miller, and Manuel**

Plaintiff incorporates paragraphs 1 – 13 as if fully stated herein.

16. Defendants Seely, Miller, and Manuel, and each of them, operated their respective tractor-trailer unit(s) and owed a duty to Plaintiff, Mr. Meason, and others, to drive safely and avoid injury thereto. Defendants operated their respective tractor-trailer unit(s) in such a manner that each breached the duty to Mr. Meason. As a result, Mr. Meason suffered damages.

17. Specifically, Defendant Seely, while in the course of operating a tractor-trailer for hire, was negligent as follows:

    a. Seely was following too closely in violation of 47 O.S. 11-310;

    b. Seely was traveling too fast for conditions in violation of 47 O.S. 11-801;

    c. Seely failed to devote full time and attention in violation of 47 O.S. 11-901(b); and,

    d. Seely was reckless in violation of 47 O.S. 11-901.

18. Defendant Seely's conduct violated state statutes and Mr. Meason was in the class of persons intended to be protected by such statutes, such that Seely's conduct constitutes negligence per se.

19. Specifically, Defendant Miller, while in the course of operating a commercial vehicle for hire, was negligent as follows:

    a. Miller was following too closely in violation of 47 O.S. 11-310;

    b. Miller was traveling too fast for conditions in violation of 47 O.S. 11-801;

    c. Miller failed to devote full time and attention in violation of 47 O.S. 11-901(b); and,

    d. Miller was reckless in violation of 47 O.S. 11-901.

20. Defendant Miller's conduct violated state statutes and Mr. Meason was in the class of persons intended to be protected by such statutes, such that Miller's conduct constitutes negligence per se.

21. Specifically, Defendant Manuel, while in the course of operating a commercial vehicle for hire, was negligent as follows:

    a. Manuel was following too closely in violation of 47 O.S. 11-310;

    b. Manuel was traveling too fast for conditions in violation of 47 O.S. 11-801;

   c. Manuel failed to devote full time and attention in violation of 47 O.S. 11-901(b); and,

   d. Manuel was reckless in violation of 47 O.S. 11-901.

22. Defendant Manuel's conduct violated state statutes and Mr. Meason was in the class of persons intended to be protected by such statutes, such that Manuel's conduct constitutes negligence per se.

23. As a result of the acts and omissions of Defendants Seely, Miller, and Manuel, and each of them, Mr. Meason suffered damages and such damages are in an amount greater than $75,000.00.

### Vicarious Liability of Defendant AIM

24. Defendant AIM, as employer and principal of Seely, is vicariously liable for all acts and omissions of Seely.

### Vicarious Liability of Defendant Metro Courier

25. Defendant Metro Couriers, as employer and principal of Defendants Miller and Manuel is vicariously liable for all acts and omissions of Miller and Manuel.

### Negligence of Defendant AIM

26. Defendant AIM had a non-delegable duty to provide and place upon the roadway a safe tractor-trailer that met all requirements of applicable federal and/or state regulations and statutes and failed to do so.

27. Defendant AIM negligently entrusted the use of its tractor-trailer to Seely. Further, Defendant AIM was required to, and failed to, assure its equipment operated properly and was not defective.

28. Alternatively, Defendant AIM was negligent in the hiring, retention and/or training of Seely.

29. As a result of the acts and omissions of Defendant AIM, Mr. Meason suffered damages and such damages are in an amount greater than $75,000.00.

### Negligence of Defendant Metro Courier

30. Defendant Metro Courier had a non-delegable duty to provide and place upon the roadway a safe truck that met all requirements of applicable federal and/or state regulations and statutes and failed to do so.

31. Defendant Metro Couriers negligently entrusted the use of its trucks to Defendants Miller and Manuel. Further, Defendant Metro Courier was required to, and failed to, assure its equipment operated properly and was not defective.

32. Alternatively, Defendant Metro Courier was negligent in the hiring, retention and/or training of Defendants Miller and Manuel.

33. As a result of the acts and omissions of Defendant Metro Courier, Mr. Meason suffered damages and such damages are in an amount greater than $75,000.00.

### Negligence of Defendant Ryder

34. Defendant Ryder had a nondelegable duty to provide and place upon the roadway a safe truck that met all of the applicable requirements of applicable federal and/or state regulations and statutes and failed to do so.

35. Defendant Ryder negligently entrusted the use of its trucks to Defendants Miller and Manuel. Further, Defendant Ryder was required to, and failed to, assure its equipment operated properly and was not defective.

36. As a result of the acts and omissions of Defendant Ryder, Mr. Meason suffered damages and such damages are in an amount greater than $75,000.00.

### Damages and Exemplary Damages

Plaintiff incorporates paragraphs 1 – 36 as if fully set forth herein.

37. Plaintiff was damaged by Defendants' wrongful acts or omissions.

38. The actions of the Defendants, and each of them, were conducted in such a willful, wanton, and reckless manner against Plaintiff and the rights of others, that punitive and exemplary damages should be awarded against each of the named Defendants.

WHEREFORE, the Plaintiff, Michael Brent Meason, respectfully requests an Order on behalf of himself certifying that Plaintiff should be awarded judgment in his favor against Defendants, jointly and severally, for actual damages in an amount in excess of $75,000.00; and for punitive damages in an amount to be determined by judge and jury, for pre- and post-judgment interest; recoverable costs; and, any other relief determined appropriate by the court.

JURY TRIAL DEMANDED/ATTORNEY LIEN CLAIMED

Respectfully Submitted,

s/Mariano Acuña

Mariano Acuña, OBA #20023
Kari D. Holder, OBA #33195
Acuña Law Firm
201 N.E. 13th Street
Oklahoma City, OK  73104
P: (405) 225-0703
F: (405) 551-8749
mariano@acunalawfirm.com