# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BRENT MEASON, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ROBERT EARL SEELY; AIM ) <br> TRANSPORTATION SERVICES, ) <br> L.L.C.; TIMMATHY SHAWN ) <br> MILLER; TYLER JOSEPH ) <br> MANUEL; METRO COURIER, ) <br> INC., and RYDER TRUCK ) <br> RENTAL, INC., ) <br> ) <br> Defendants. ) | Case No. CIV-21-50-F |

## ORDER

This diversity action arises from a multi-vehicle collision that occurred on February 27, 2019. Plaintiff Michael Brent Meason commenced suit on January 21, 2021. At the court's direction, plaintiff filed an Amended Complaint on January 25, 2021, supplying missing jurisdictional allegations. On February 26, 2021, plaintiff filed a Second Amended Complaint, which added Ryder Truck Rental, Inc. as a party defendant. The court struck the amended pleading for failure to obtain the opposing parties' written consent or the court's leave as required by Rule 15(a)(2), Fed. R. Civ. P.

On March 1, 2021, plaintiff filed a motion for leave of court to file the Second Amended Complaint. The proposed Second Amended Complaint was attached to the motion. After supplementing the motion at the court's direction, the court granted plaintiff leave to file the amended pleading. As directed by the court, the Second Amended Complaint was filed on March 12, 2021.

Defendant Ryder Truck Rental Inc. moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Doc. no. 26.  Defendant argues plaintiff's negligence claim against it is barred by the applicable two-year statute of limitations.  *See*, 12 O.S. § 95(A)(3).  Plaintiff has responded, opposing dismissal of his claim.  Doc. no. 39.  Defendant has filed a reply brief.  Doc. no. 40.  Upon review of the parties' submissions, the court finds defendant's motion should be denied.

There is no dispute that the two-year limitations period for plaintiff's negligence action expired on February 27, 2021, and because that date fell on a Saturday, plaintiff had until Monday, March 1, 2021 to file his action against defendant.  Defendant argues that the Second Amended Complaint is untimely on its face because it was not filed until March 12, 2021.  However, relying upon Pearson v. Niagara Mach. & Tool Works, 701 F. Supp. 195, 196 (N.D. Okla. 1988), plaintiff argues the filing of his motion for leave to file the Second Amended Complaint tolled the two-year limitations period.  The court agrees.

In addition to Pearson, other federal courts have ruled the filing of a motion for leave to file an amended complaint to add additional parties tolls the applicable statute of limitations.  *See, e.g.*, Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993); Mayes v. AT&T Information Systems, Inc., 867 F.2d 1172, 1173 (8th Cir. 1989); Villanueva v. Liberty Acquisitions Servicing, LLC, 215 F.Supp.3d 1045, 1057 (D. Or. 2016); Bradley v. Armstrong Rubber Co., 46 F.Supp.2d 583, 586 (S.D. Miss. 1999); *see also*, Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitation purposes.") (quotation and citation omitted); De Yapp v. United States, Civil No. 10-cv-00724-WJ-WPL, 2011 WL 13277508, at *5 (D.N.M. Dec. 22,

2

2011).[1]  The court finds this authority persuasive, at least as applied in cases, like this one, in which there is no showing that plaintiff has engaged in gamesmanship or sharp practice.  Pushing the time limits prescribed by the legislature is not necessarily to be applauded, but applause-worthiness is not the issue here.  The court concludes that plaintiff's negligence action against defendant is not time-barred.

Accordingly, the Motion to Dismiss of Defendant Ryder Truck Rental, Inc., filed April 26, 2021 (doc. no. 26), is **DENIED**.

IT IS SO ORDERED this 19th day of May, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0050p008.docx

---

[1] The court notes the Tenth Circuit adopted the "tender rule" for purposes of the exhaustion requirement of the Prison Litigation Reform Act.  *See*, May v. Segovia, 929 F.3d 1223, 1233 (10th Cir. 2019).